# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

  **v.**                                                                  **Case No. 14-CR-91**

**STACY JENSON,**

    **Defendant.**

## ORDER ON DEFENDANT'S OBJECTION TO BAIL CONDITION

Before me is defendant Stacy Jenson's ("Jenson") objection to the condition of release that she pay specific creditors. (Docket # 33.) As background, Jenson is charged with wire, mail, and access device fraud in violation of 18 U.S.C. §§ 1343, 1341, and 1029, arising out of an alleged scheme to defraud her former employer and others, which included among other allegations, repeated promises to repay debts. On April 25, 2014, Jenson appeared for an arraignment hearing and I released her on her own recognizance. Subsequently, the government moved to revoke Jenson's bond on the ground that she had violated state law and posed a danger to the community. After conducting an evidentiary hearing, I concluded that there was probable cause to believe that Jenson had committed the offense of passing a worthless check. Consequently, although I did not revoke Jenson's bond, I concluded that in light of the worthless check, other evidence that Jenson owed multiple people money, and a pattern of making false promises of repayment, additional conditions were warranted to protect the community from economic harm. Accordingly, I modified Jenson's release conditions as follows. First, I ordered Pretrial Services to do monthly credit monitoring of Jenson. Second, I ordered Jenson not to use personal checks. Third, I ordered Jenson

not to open any new lines of credit, or personal or commercial loans. Finally, I ordered Jenson to submit a payment plan for repaying the creditors who were the subject of the hearing. It is to this last condition that Jenson objects.

Under the Bail Reform Act, a defendant charged with an offense may be (1) released on personal recognizance, (2) released on conditions, (3) temporarily detained, or (4) detained. 18 U.S.C. § 3142(a). The court may deny release only if no conditions will reasonably assure the defendant's appearance and the safety of the community. § 3142(e). In determining whether (and which) conditions of release will reasonably assure the appearance of the defendant and the safety of the community, the court considers (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant; and (4) the nature and seriousness of the danger, if any, that release would pose. Additionally, in fashioning appropriate conditions, the court may impose any of the conditions enumerated in 18 U.S.C. § 3142(c)(1)(B) or may craft any other condition that is reasonably necessary to assure the appearance of the defendant and to assure the safety of any other person and the community.

Jenson objects to the condition that she repay her creditors on several grounds. First, she argues that the condition is impermissible because it is remedial and not forward looking. Second, she argues that the condition is not workable. Finally, she argues that the condition is unfair to her other creditors because it requires that she put them above her other creditors. I find each argument unpersuasive.

As to the propriety of the condition, as indicated above, the court has the authority to impose any reasonable condition to meet the twin goals of the Bail Reform Act: future appearances of the defendant and protection of the community while the defendant awaits trial. Here, there is no

evidence supporting that Jenson is a flight risk. However, the record provides ample support that Jenson poses a risk of causing economic harm to the specific creditors who were the subject of the hearing and to the community in general. Courts have held that "safety of the community" can be understood to refer to the prevention of pecuniary or economic harm as well as physical harm. *See United States v. Reynolds*, 956 F.2d 192, 192-93 (9th Cir. 1992); *United States v. Madoff*, 586 F. Supp. 2d 240, 252 (S.D.N.Y. 2009); *United States v. Rojas*, No. CR14-4015, 2014 WL 840606 at *3 (N.D. Iowa Mar. 4, 2014); *United States v. Jinwright*, No. 09-CR-67, 2010 WL 2926084 at *2 (W.D.N.C. July 23, 2010). As I indicated earlier, I found probable cause that Jenson had intentionally passed a worthless check to her former landlord. But my concern for the community did not end with that one worthless check. Jenson also borrowed money for a car from friends and had not repaid them. Jenson took out a loan using the car as collateral. This loan has not been repaid. Jenson borrowed from yet another friend and has not repaid her. Moreover, the record showed a pattern of false promises or excuses regarding the repayment of these debts. Although I did not find sufficient evidence rising to the level of probable cause that Jenson had committed additional crimes in these instances, these activities were of concern to me. As I indicated at the hearing, my concern regarding the totality of Jenson's financial activities were heightened by the nature and circumstances of the charged offense, and by Jenson's prior conviction for similar conduct. Thus, I imposed the repayment condition to protect these creditors from continuing and future economic loss and harm from Jenson. Though the debts may result from past conduct, the economic harm from these debts remains present and future so long the debts are outstanding. Accordingly, this condition is reasonably tailored to protect the community from economic harm from Jenson.

As to the workability of the condition, there is no dispute that Jenson owes these creditors. To the extent there are disputes as to the amounts owed, Jenson should begin repayments at least on the amounts she agrees she owes. If the parties cannot come to an agreement as to any remainder, the creditors can assert their claim in the appropriate venue.

Finally, regarding fairness to Jenson's other creditors, the repayment condition is not intended to put the creditors who were the subject of the hearing ahead of Jenson's other creditors. Jenson is in the best position to know her finances, debts, and obligations. As a result, rather than dictating the repayment plan, I allowed Jenson to craft her own plan with the requirement that the plan be in writing, including specific amounts of repayment and dates of repayment. In other words, she can design how her financial pie is to be divided taking into account all her debts and obligations. But her monthly financial plan must include these creditors.

Accordingly, to protect the community from economic harm by Jenson, all of Jenson's conditions of release as modified at the January 23, 2015 hearing remain in effect.

**IT IS SO ORDERED**.

Dated at Milwaukee, Wisconsin this 10th day of February, 2015.

BY THE COURT

*s/Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge